NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDUARDO LAGO,

          Petitioner,

v.

BRUCE DAVIS, *et al.*,

          Respondents.

Civil Action No. 22-2119 (MAS)

OPINION

**SHIPP, District Judge**

This matter comes before the Court on Petitioner's Response (ECF No. 3) to this Court's order directing him to show cause why his habeas petition should not be dismissed as time barred (ECF No. 2). For the following reasons, the Court dismisses the Petition (ECF No. 1) as time barred and denies Petitioner a certificate of appealability.

**I.    BACKGROUND**

As this Court explained in the Order to Show Cause,

> Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which in cases such as this one begins to run when the petitioner's conviction becomes final upon either the conclusion of direct review or the expiration of the time for seeking such review, up to and including the 90-day period for the filing of a certiorari petition to the United States Supreme Court. *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A). As Petitioner did not file a petition for certiorari on direct appeal, his conviction became final and his one year limitations period began to run ninety days after he was denied certification by the New Jersey Supreme Court on February 2, 2018, (ECF No. 1 at 35), or on May 3, 2018. *Ross*, 712 F.3d at 798. Absent some basis for the

> tolling of the limitations period, Petitioner's one year limitations period would have expired on May 3, 2019.
>
> While the one-year limitations period is subject to statutory tolling, that tolling only applies during the period where a "properly filed" petition for post-conviction relief is pending in the state courts. *Jenkins*, 705 F.3d at 85. Here, Petitioner mailed his PCR petition for filing on May 21, 2018, after eighteen days of his one year limitations period began to run. (*See* ECF No. 1 at 38.) It was accepted as filed ten days later on May 31, 2018. (*Id.* at 36.) His PCR petition remained pending until the New Jersey Supreme Court denied certification on April 16, 2021. (*Id.* at 35.) A further 361 days expired before Petitioner's habeas counsel filed his habeas petition in this matter on April 12, 2022. (ECF No. 1). Thus, even if this Court assumes that Petitioner is entitled to have his PCR treated as if it were filed when he mailed it on May 21, 2018,[1] his petition would still appear to be time barred by two weeks as eighteen days expired before the mailing of his PCR petition and 361 further days expired after his PCR petition ceased to be pending before his habeas petition was filed. Absent some basis for equitable tolling, Petitioner's habeas petition thus appears to be time barred.

(ECF No. 2 at 1-2.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state courts. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-

---

[1] As many courts in this district have observed, the New Jersey Courts have not yet determined that the prisoner mailbox rule applies to state court PCR petitions. *See, e.g., Poteat v. Att'y Gen. of N.J.*, No. 16-2351, 2017 WL 436259, at *3 (D.N.J. Feb. 1, 2017). It is thus not clear that Petitioner is entitled to the benefit of the date on which he mailed his petition or should have his PCR petition treated as being filed only once it was properly accepted by the state courts. As Petitioner's habeas petition appears untimely regardless, this Court need not rule on the issue at this time.

Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III. DISCUSSION

Following the Court's Order to Show Cause, Petitioner filed a response through counsel. (ECF No. 3.) In that response, Petitioner acknowledges that this Court's calculation of his limitations period is correct and that his petition is time barred on its face by at least a few weeks. (*Id.* at 1-2.) Petitioner argues, however, that he should be entitled to equitable tolling for two reasons: first, he asked his appointed PCR counsel to file a habeas petition on his behalf, which appointed state court PCR counsel did not do, and because he spent a considerable period of time

trying to find an attorney to file his habeas petition while the one year limitations period ran, but was unable to do so before April 1, 2022, shortly before his current petition was filed. Petitioner also contends that he was misinformed by the state Public Defender estimating that he had until April 16, 2022, to file his petition, when his one-year limitations period actually expired a few weeks earlier. (ECF No. 3-1 at 4.)

In support of these assertions, Petitioner provides two certifications, one from himself and one from his mother. (ECF Nos. 3-1; 3-2.) Petitioner's certification provides that he attempted to but could not find an attorney to represent him between April 20, 2021, when he learned of the conclusion of his PCR appeal, and when he found current counsel on April 1, 2022. (ECF No. 3-1 at 1-2.) Petitioner does not specifically list what steps he took, other than to have family talk to some attorneys, and does not list any efforts on Petitioner's behalf to file pro se in any shape or form, instead merely stating that he didn't feel himself up to the task. (*Id.*) Petitioner's mother's certification provides scant further information – it states only that, during 2021 and 2022, both Petitioner and his mother had health issues for unspecified periods, Petitioner's mother was largely unable to work and had no means to hire an attorney and was unable to find one willing to take the case until April 2022. (ECF No. 3-2.)

As Petitioner concedes that his petition is untimely on its face even with the benefit of statutory tolling, the only question before the Court is whether Petitioner is entitled to sufficient equitable tolling to render his petition timely. Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir.

4

2011)). Excusable neglect is insufficient to warrant equitable tolling, *see United States v. Thomas*, 713 F.3d 165, 174-75 (3d Cir. 2013), as are attorney miscalculations of filing deadlines and most attorney errors short of complete abandonment. *See, e.g., Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004); *see also Holland v. Florida*, 560 U.S. 631, 651-53 (2010); *Ross*, 712 F.3d at 798-804; *Jenkins*, 705 F.3d at 89-90. Ultimately, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

To demonstrate reasonable diligence, a petitioner need not show that he acted with "the maximum feasible diligence," but it does require that he show that he acted with "reasonable diligence in the circumstances." *Pabon*, 654 F.3d at 402 (quoting *Miller v. United States*, 145 F.3d 616, 618-19 (3d Cir. 1998); *see also Holland*, 560 U.S. at 653; *Schlueter*, 384 F.3d at 74. The obligation of diligence applies not only during the entirety of the one-year limitations period, but also throughout the course of proceedings in the state courts. *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). Although a petitioner's decision to wait to pursue collateral relief until a significant portion of the one-year AEDPA limitations period has passed will not in and of itself prevent a petitioner from showing reasonable diligence, a decision to wait until late in the period to file a habeas petition "is a factor to be taken into consideration" in determining the reasonableness of a petitioner's actions. *Id.*

In this matter, the Court cannot find that Petitioner acted with reasonable diligence. Although Petitioner and his mother state that they made efforts to find an attorney to file a petition on Petitioner's behalf, nothing in their certifications suggests any efforts on Petitioner's own behalf

to attempt to draft or otherwise prepare even a basic protective petition in the meantime. While the Court understands Petitioner's fear that he was best served through counsel and not through a pro se petition, that does not obviate the fact that almost all habeas petitions in this District are filed by pro se prisoners under similar circumstances, and nothing Petitioner has presented shows that Petitioner was incapable of filing an initial petition on his own behalf or with help from prison paralegals and then seeking counsel to file briefing thereafter. Likewise, that Petitioner does not detail what attorneys he spoke with, how many he attempted to hire, or the circumstances of those meetings prevents this Court from finding that Petitioner's failed early attempts at finding counsel amount to diligence in pursuing his rights. As this Court finds that Petitioner has failed to show that he was reasonably diligent throughout the limitations period as he only attained counsel and had a petition filed once the entire limitations period had essentially expired, Petitioner is not entitled to equitable tolling.

Even if Petitioner had been able to show diligence, however, he would still not be entitled to equitable tolling as he has failed to show that extraordinary circumstances prevented him from filing a habeas petition. Although Petitioner states that his counsel in his state court PCR proceedings did not file a habeas petition on his request, Petitioner does not allege, let alone show, that this attorney was appointed or hired for any federal court filings, and instead implies that this attorney, who appears to have been either court appointed or a public defender, was assigned only to represent him in his state court PCR proceedings. Counsel's failure to file a habeas petition beyond the scope of a state court assignment does not attorney malfeasance or abandonment make. Likewise, that the state public defender's office miscalculated the habeas filing deadline is not an extraordinary circumstance sufficient to warrant tolling. *Schlueter*, 384 F.3d at 76. Finally, while Petitioner and his mother's financial situation and illnesses are unfortunate, Petitioner has failed to show that either his own or his mother's illness or finances, the details and lengths of which he

does not clearly explain or evince, are causally connected to his failure to file even a protective petition on his own throughout the one-year limitations period, and thus they cannot serve as a proper basis for tolling. *Brown*, 322 F.3d at 773. As Petitioner has thus failed to show either the necessary diligence or extraordinary circumstances sufficient to warrant equitable tolling, he has failed to show any basis for tolling the limitations period and his habeas petition remains time barred. This Court will therefore dismiss his habeas petition with prejudice as such.

## IV.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "[A petitioner] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists could not dispute this Court's conclusion that Petitioner's Petition was untimely filed and that Petitioner has failed to show any basis for sufficient tolling to evade the time bar, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and he is therefore denied a certificate of appealability.

## V. CONCLUSION

In conclusion, Petitioner's Petition (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time barred, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**